IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:09CR298-HEH |
| | ) | |
| TRACY MARK ANTHONY TUCKER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**
(Denying Defendant's Motion to Withdraw Guilty Plea)

THIS MATTER is before the Court on Defendant's Motion to Withdraw Guilty Plea and Reconsider Earlier Denial of Motion (Dk. No. 43), filed on February 19, 2010. On February 26, 2010, the Court held a hearing to address arguments raised by the Defendant in his Motion. For the reasons stated at that hearing, expressed in more detail here, the Court denies the Defendant's Motion.

### I. Background

On September 1, 2009, Tracy Mark Anthony Tucker ("the Defendant") was charged with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), after the execution of a search warrant at his residence. Subsequently, on October 22, 2009, the Defendant filed a Motion to Suppress Evidence and challenged the validity of the search warrant. On October 30, 2009, this Court denied the Motion, finding the search warrant affidavit provided sufficient probable cause, that the Defendant failed to show the affidavit presented materially inaccurate information, and the executing officers had relied upon the search warrant in good faith.

Later on October 30, 2009, after an extensive colloquy, the Defendant pled guilty to the charge of Possession of a Firearm and Ammunition By a Convicted Felon. On January 13, 2010, the Defendant filed his first Motion to Withdraw Plea of Guilty and a Motion for Attorney Withdrawal. The Defendant claimed his attorney, John March, Jr., threatened him and made promises in order to gain his guilty plea. In addition, the Defendant claimed Mr. March failed to adequately represent him and provide him with key documents. By Order on January 20, 2010, this Court granted Defendant's Motion for Attorney Withdrawal. As a result, Mr. March was relieved as counsel of record, and the Court appointed Federal Public Defender Carolyn Grady to represent the Defendant.

Additionally, the Court denied the Defendant's Motion to Withdraw Plea of Guilty, finding the Defendant provided no evidence that his plea was either unknowing or involuntary and provided no credible assertion of actual innocence. This Court also found that there had been a significant delay between his guilty plea and the Motion to Withdraw, that he had the assistance of competent counsel, and that a withdrawal of his plea would be a waste of judicial resources.

On February 19, 2010, the Defendant filed this Motion to Withdraw Guilty Plea (Dk. No. 43) and urged the Court to reconsider its earlier denial of the Motion.

## II. Discussion

After entering a guilty plea, a defendant may withdraw that plea if he "can show a fair and just reason for requesting withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "There is no absolute right to withdraw a guilty plea." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000) (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)).

2

The defendant "bears the burden of demonstrating to the district court's satisfaction that a 'fair and just reason' supports his request to withdraw." *Moore*, 931 F.2d at 248. The Fourth Circuit has set forth a six factor test to guide the Court's determination as to whether a defendant has met that burden. *Id.* These factors include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether withdrawal will inconvenience the court and waste judicial resources.

*Id.*

Of these factors, "the most important is the first one, which addresses the question of whether the waiver colloquy was properly conducted." *United States v. Faris*, 388 F.3d 452, 456 (4th Cir. 2004).

### 1. Knowing and Voluntary Entry of the Plea

Before accepting a guilty plea, this Court is obligated to determine whether the defendant understands "the nature of each charge to which the defendant is pleading," the defendant's various rights, and that the defendant waives these rights by pleading guilty. Fed. R. Crim. P. 11(b)(1). "The manner of ensuring that the defendant is properly informed is committed to the good judgment of the district court, to its calculation of the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence." *United States v. Reckmeyer*, 786 F.2d 1216, 1221 (4th Cir. 1986). In doing so, "[t]he trial court may look at the availability of counsel, and the defendant's personal characteristics, such as age, education and intelligence." *United States v.*

3

*DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991) (citation omitted).

The Defendant argues that he did not knowingly and voluntary enter a guilty plea, but this Court disagrees. In this case, the Court ascertained and considered the Defendant's age, education, and intelligence level through the plea colloquy. The Court also informed the Defendant of the nature of the charges against him, what the government had to prove to be successful in its case, the constitutional rights he forfeited, and the maximum sentence he faced. The Defendant affirmed his understanding of the information under oath. The Court additionally confirmed that the Defendant's counsel had also explained to him the charges he faced. The Court thus finds there is sufficient evidence to conclude that Defendant's guilty plea was entered knowingly.

Rule 11(d) also requires that the trial court ensure "that the plea is voluntary and did not result from force, threats, or promises." Fed R. Crim. P. 11(b)(2). The Defendant asserts his plea was not voluntary because he was obeying the instructions of his attorney and because he was threatened. In this case, Mr. March apparently advised the Defendant of the plea process and anticipated Rule 11 questions. This, of course, is a necessary part of representation, as is an explanation of the legal and practical consequences of a plea of guilty. Considering that the Defendant admitted to possession of the firearm in issue, recommending a guilty plea would not be unsound advice from counsel. In addition, during the plea colloquy, the Defendant confirmed that he had made the decision for himself. Thus, the Court finds that the Defendant's guilty plea was inspired by a realistic assessment of the consequences he faced, and not by force or intimidation.

Furthermore, during the plea colloquy, the Defendant stated that he had not been coerced or threatened into pleading guilty. Such representations are considered "strong evidence of the voluntariness of his plea." *DeFusco*, 949 F.2d at 119. During the colloquy, the Defendant confirmed that no promises had been made to him and that he did not expect to receive anything in exchange for his plea. The Defendant has since made no other viable claim that any other person threatened or coerced him into entering his guilty plea. The Defendant's "conclusory post-plea assertions that his plea was not knowing and voluntary…fail to overcome the barrier of the sworn statements made at his Rule 11 hearing." *Ubakanma*, 215 F.3d at 424. Accordingly, the Court finds that the first factor is not met.

### 2. Whether the Defendant Has Credibly Asserted His Legal Innocence

Next, the Defendant argues legal innocence to support the withdrawal of his guilty plea. However, this argument stands in contrast to the evidence provided to the Court. First, the Defendant admitted to a police officer that he possessed the firearm, admitted to a probation officer that he owned the firearm, and admitted to possession of the firearm in open court.

Second, the Defendant's assertions of innocence are actually a continuing challenge to the sufficiency of the search warrant affidavit in this case. These assertions are not claims of actual innocence and have already been considered by this Court in denying Defendant's Motion to Suppress Evidence.

Given the overwhelming evidence of guilt, this Court finds that the Defendant has

made no credible assertion of his actual innocence.

### 3. Whether There Has Been a Delay Between Entering the Guilty Plea and the Motion to Withdraw

The Defendant pled guilty before this Court on October 30, 2009 and filed his Motion to Withdraw Plea of Guilty on January 13, 2010. Thus, the Defendant waited over two months before raising the issue with the Court. Additionally, the Court denied the Defendant's first Motion to Withdraw Plea of Guilty on January 20, 2010 and the Defendant filed the instant motion on February 19, 2010, nearly one month later. In *Moore*, the Fourth Circuit found that waiting six-weeks before asking to withdraw a guilty plea was too long of a delay to withdraw a plea. 931 F.2d at 248. This Court finds that a similarly long-term delay exists here.

### 4. Whether Defendant Has Had Close Assistance of Competent Counsel

In the Fourth Circuit, the Defendant must prove two things in order to establish the absence of assistance of competent counsel: "(1) that his counsel's performance 'fell below an objective standard of reasonableness' and (2) that he was prejudiced in the sense that 'there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. DeFreitas*, 865 F.2d 80, 82 (4th Cir.1989) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985)).

Regarding reasonableness, the facts of this case indicate that the Defendant admitted to possession of the firearm to a police officer while in custody. Under these circumstances, the Court does not find it objectively unreasonable that an attorney would

6

counsel his client to plead guilty. Additionally, the Defendant's complaints about Mr. March's alleged coercion relate to his representation up to the date of the plea hearing. However, on October 30, 2009, when the Defendant entered his guilty plea, he confirmed his satisfaction with Mr. March's representation. The Defendant has thus failed to show that his attorney's conduct fell below an objective standard of reasonableness.

As to the second factor, the only "errors" named by the Defendant are Mr. March's advice to plead guilty and failure to provide him with a copy of the search warrant affidavit. For the reasons already mentioned, Mr. March's failure to provide his client with a copy of the search warrant affidavit is not an error. Mr. March vigorously argued for the suppression of evidence obtained pursuant to the warrant and the Court has already denied the Defendant's Motion to Suppress Evidence. As to the second "error," the Defendant only makes conclusory claims that Mr. March coerced him into pleading guilty to the charge and giving false answers to the Court's questions. This is not enough to overcome the sworn statements he made under oath at the October 30, 2009 hearing. *See Ubakanma*, 215 F.3d at 425. "A guilty plea may have many collateral consequences that will be adverse to a defendant," but this does not mean that it is an error for an attorney to suggest that a defendant plead guilty. *De Freitas*, 865 F.2d at 82.

## 5. Whether Withdrawal Will Cause Prejudice to the Government

The government, noting that it has already expended effort and resources in this case and would likely expend more resources if the case went to trial, concedes that it would not suffer undue prejudice as a result of granting the Defendant's Motion.

Although this fifth factor is consequently not met, the lack of prejudice to the government, is not in and of itself dispositive. *Moore*, 931 F.2d at 248.

### 6. Whether it Will Inconvenience the Court and Waste Judicial Resources.

Since Defendant has already made credible admissions of guilt on three separate occasions, it would waste judicial resources to undertake a trial to allow him merely to test the possibility of acquittal. *Faris*, 388 F.3d at 460.

### III. Conclusion

For the reasons stated above, the Defendant's Motion to Withdraw Guilty Plea and Reconsider Earlier Denial of Motion (Dk. No. 43) is DENIED.

An appropriate Order will accompany this Memorandum Opinion.

It is SO ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: March 5, 2010
Richmond, Virginia