IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:09CR298–HEH |
| ) | |
| TRACY MARK ANTHONY TUCKER, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

Tracy Mark Anthony Tucker, a former federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 74) to vacate, set aside, or correct his sentence. In his § 2255 Motion, Tucker demands relief upon the following grounds:

| | |
|---|---|
| Claim 1 | (a) Counsel provided ineffective assistance by "suppressing potential witnesses" (Argument No. 5).[1] (§ 2255 Mot. at 2–3.) |
| | (b) Counsel provided ineffective assistance during the plea bargaining process (Argument No. 6). (*Id.* at 3.) |
| | (c) Counsel provided ineffective assistance by waiving Tucker's right to challenge the outcome of the suppression hearing (Argument No. 7). (*Id.*) |
| Claim 2 | The Court erred in denying Tucker's request to withdraw his guilty plea (Argument No. 2). (*Id.* at 2.) |
| Claim 3 | The Court erred by failing to hold a hearing on Tucker's competence (Argument No. 3). (*Id.*) |

---

[1] For clarity in addressing Tucker's claims, the Court has organized and numbered his claims in a manner that differs from both his § 2255 Motion and the Government's Response. For reference, the Court provides a cross-reference to Tucker's original labels for his "arguments."

| | |
|---|---|
| Claim 4 | Law enforcement conducted a search and seizure "in violation of Rule 41 of the Federal Rules of Criminal Procedure." (Argument No. 4). (*Id.*) |
| Claim 5 | The Court erred by failing to inform Tucker of the five-year mandatory minimum sentence, and by erroneously stating that he faced a ten-year maximum (Argument No. 8). (*Id.* at 3.) |

The United States has responded (ECF No. 76). The matter is ripe for judgment.

## I. Procedural History

On June 2, 2009, based upon information provided by a witness to a shooting that occurred earlier that day, law enforcement officials obtained a warrant to search Tucker's residence and a Nissan truck. (Crim. Complaint, ECF No. 1, at 1; Presentence Report ("PSR") at ¶ 7.) The witness informed law enforcement that the shooter departed in the Nissan truck that was driven by Tucker. (*Id.*) When law enforcement officials arrived at Tucker's residence, Tucker, his girlfriend, Catherine Robinson, and their three children were present. (PSR at ¶ 8.) The search of the Nissan truck yielded a loaded firearm, which Tucker admitted belonged to him. (*Id.* at ¶¶ 10–11.)

On September 1, 2009, a grand jury returned an indictment charging Tucker with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 9, at 1.) Tucker subsequently filed a motion to suppress (ECF No. 17) challenging the validity of the search warrant. Prior to the suppression hearing, Tucker requested that the Court replace his retained counsel because she was not litigating the case as he desired. (*See, e.g.*, Oct. 30, 2009 Suppression Hr'g Tr., ECF No. 32, at 9–10.) After hearing from both Tucker and counsel, the Court decided to continue

2

with the suppression hearing but informed Tucker that he had until the day before the start of his trial to retain new counsel, and if new counsel entered an appearance, the Court would continue the trial. (*Id.* at 10–11.) The Court then heard and denied Tucker's motion to suppress the search warrant. (*Id.* at 30.)

Later that day, Tucker entered a plea of guilty. (Oct. 30, 2009 Plea Hr'g Tr., ECF No. 33, at 17.) On January 13, 2010, over two months after the entry of his guilty plea, Tucker moved to withdraw his plea (ECF No. 29). Tucker also sought removal of his current counsel, John March (ECF No. 31). On January 20, 2010, following a hearing, the Court denied Tucker's motion to withdraw his guilty plea, but granted Tucker's motion to remove March as counsel. (Jan. 20, 2010 Hr'g Tr., ECF No. 40, at 11.)[2] That same afternoon, the Court appointed public defender Carolyn Grady as Tucker's new counsel. (*Id.*) Grady then filed a Motion to Reconsider Denial of Motion to Withdraw Plea (ECF No. 43). After hearing extensive argument, the Court denied the motion (March 8, 2010 Order, ECF No. 48, at 1). On March 10, 2010, the Court sentenced Tucker to sixty months of imprisonment. (J. 2, ECF No. 51, at 2.)

Tucker appealed. The United States Court of Appeals for the Fourth Circuit affirmed Tucker's conviction. *United States v. Tucker*, 424 F. App'x. 244, 245 (4th Cir. 2011). The Fourth Circuit rejected Tucker's argument that this Court erred in denying his motion to withdraw his guilty plea. *Id.* In so finding, the Fourth Circuit stated that Tucker's "unsupported claim that his attorney or the court pressured him to plead

---

[2] At a later hearing, the Court explained that he allowed March to withdraw as counsel because Tucker had filed a bar complaint against him. (Feb. 26, 2010 Tr. 5.)

3

guilty[,] and that he did not understand the Rule 11 hearing[,] is at odds with his solemn declarations, under oath, to the contrary at that hearing." *Id.* at 245–46 (citation omitted). In addition, the Fourth Circuit held that Tucker's sixty-month sentence was both procedurally and substantively reasonable. *Id.* at 247.

## II. Claim 1: Alleged Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Suppressing a Defense Witness (Claim 1(a))

In Claim 1(a), Tucker alleges that counsel provided ineffective assistance by "suppressing potential witnesses for Defendant," thus depriving him of evidence that would have led the Court to grant his Motion to Suppress. (*Id.* at 3, 7.) Tucker directs

4

the Court to a notarized, yet unsworn affidavit[3] from Cathy Robinson, Tucker's girlfriend, and the owner of the home where law enforcement discovered Tucker's firearm. ("Robinson Aff.," ECF No. 74, at 13.) Robinson's affidavit states in sum:

> On June 6 2009 I Cathy Robinson did indeed escort a detective into my home to recover my register firearm, He stated to me that he wanted to run some test. I then escorted him out of my home at no time while I was escorting him out did my kids says anything to the detective. They were playing in the front yard until I told them to go in. I never gave the detective permission to search none of my property

(Robinson Aff. at 1.)[4]

Tucker cannot demonstrate that counsel performed deficiently. "'[T]he decision whether to call a defense witness is a strategic decision' demanding the assessment and balancing of perceived benefits against perceived risks, and one to which '[w]e must afford . . . enormous deference.'" *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (alteration in original) (quoting *United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994)). Assuming *arguendo* Tucker requested that counsel use Robinson's testimony, the Court, affording the requisite deference to counsel's professional discretion, presumes that counsel determined that Robinson's testimony would prove

---

[3] The affidavit has no jurat and was merely acknowledged before a notary. An acknowledgement is used to verify a signature and to prove that an instrument was executed by the person signing it, whereas a jurat is evidence that a person has sworn as to the truth of the contents of the document. In an acknowledgement, unlike a jurat, the affiant does not swear under oath nor make statements under penalty of perjury. *See Strong v. Johnson*, 495 F.3d 134, 140 (4th Cir. 2007) (explaining that jurat uses words "subscribed and sworn" and demonstrates an oath was rendered); *Goode v. Gray*, No. 3:07cv189, 2009 WL 255829, at *2 n.6 (E.D. Va. Feb. 3, 2009). Thus, the affidavit fails to constitute admissible evidence.

[4] Robinson showed law enforcement a firearm registered in her name that she kept in a dresser in the downstairs bedroom. (PSR ¶ 9.) According to police records, one of the children then inquired "[w]here is the other gun?" (Oct. 30, 2009 Suppression Mot. Tr. 18.) The officers later uncovered the additional weapon in the truck.

harmful, or at least unhelpful, to Tucker's case. *Id.* Nothing in the record, nor Tucker's § 2255 Motion, suggests any reason for the Court to conclude otherwise. Furthermore, Tucker fails to demonstrate that he desired his counsel to speak with Robinson, or instructed counsel how Robinson's testimony would benefit his case. Moreover, Tucker had ample opportunity to speak directly before the Court during the October 30, 2009 hearing when he first sought new counsel. He also had an opportunity to speak freely to the Court during the January 20, 2010 and February 26, 2010 hearing during which the Court revisited Tucker's motions to remove counsel. On all three occasions, Tucker criticized his counsel's representation and identified alleged deficiencies. Tucker never did, however, identify counsel's failure to interview or call Robinson as a potential witness as a ground for removing counsel.

Tucker also fails to demonstrate prejudice. He offers no explanation, and the Court cannot discern, how Robinson's testimony would have altered the outcome of the Court's denial of Tucker's Motion to Suppress. First, law enforcement had a warrant to search the vehicle from which they recovered his firearm. Stated simply, law enforcement did not rely on Robinson's consent as justification for the search. Tucker's suppression motion challenged the search on the ground that the warrant for the search was facially invalid because the supporting affidavit lacked probable cause. (Mot. to Suppress at 1; Oct. 30, 2009 Suppression Hr'g Tr. at 12–17.) In denying Tucker's Motion to Suppress, the Court articulated facts that supported a finding of probable cause and those facts did not include the statements from Robinson's children. (*Id.* at 26–30.) Accordingly, Tucker fails to demonstrate how Robinson's testimony would have altered

6

the Court's conclusion that probable caused existed for the search. Because Tucker demonstrates neither deficient performance of counsel nor resulting prejudice, Claim 1(a) will be dismissed.

### B. Forcing Tucker to Plead Guilty (Claim 1(b))

In Claim 1(b), Tucker alleges that counsel provided ineffective assistance during the plea bargaining process. (§ 2255 Mot. at 3.) Again, he fails to provide factual support for this claim aside from bare allegations that counsel "forced" Tucker to agree to plead guilty, and that counsel's performance during plea bargaining led him to move to obtain new counsel, "but the [C]ourt would not allow this to happen." (*Id.* at 5.) Tucker's vague and conclusory allegations fail to state a claim for habeas relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding summary denial of habeas action appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations"). For this reason alone, Claim 1(b) will be dismissed.[5]

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Tucker's assertion that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506

---

[5] It is worth noting that the Court has twice examined Mr. Tucker's complaints about the validity of his guilty plea and his counsel forcing him to plead guilty. The Court, as it does here, found them wholly lacking in merit.

7

F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). "'[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity,' [*United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004)] (quoting *Blackledge*, 431 U.S. at 74, 97 S. Ct. 1621), because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (first and second alteration in original) (some internal quotation marks omitted) (citing *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003)). Accordingly, the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.

At the beginning of the October 30, 2009 hearing on the Motion to Suppress, Tucker asked the Court to replace his retained counsel because his counsel was not litigating his case in the manner Tucker desired. (*See, e.g.*, Oct. 30, 2009 Suppression

Hr'g Tr. at 9–10.) After hearing from both Tucker and counsel, the Court continued with the suppression hearing, but informed Tucker that he had until the day before the start of Tucker's trial to retain new counsel, and if counsel entered an appearance, the Court would continue the trial. (Oct. 30, 2009 Suppression Hr'g Tr. at 10–11.) Despite his complaints about counsel, Tucker pled guilty on the same day.

During his plea colloquy, while under oath, Tucker expressed satisfaction with counsel's performance:

> THE COURT: Now, prior to making your decision to plead guilty this afternoon, have you had ample opportunity to discuss this case with your attorney, Mr. March?
> MR. TUCKER: Yes, sir, I have.
> THE COURT: All right. Are you now entirely satisfied with his services?
> MR. TUCKER: Yes, sir.
> THE COURT: Has he done everything reasonable you've asked him to do in connection with the case?
> MR. TUCKER: Yes, sir.

(Oct. 30, 2009 Plea Hr'g Tr. at 5.)

The Court later asked Tucker if he was entering his plea "freely, voluntarily, and because you think it's in your best interest to plead guilty . . . ." (*Id.* at 9.) Tucker affirmed that he was. (*Id.*)

During the January 20, 2010 hearing on Tucker's motion to withdraw his guilty plea, the Court inquired about Tucker's complaints regarding his counsel,: "Well, you know, you pled guilty, so is that the fault of your lawyer that you pled guilty?" (Jan. 20, 2010 Hr'g Tr. at 5.) Tucker responded that he "pled guilty under his guidance." (*Id.*) The Court then asked: "So when you told me you were pleading guilty because you were in fact guilty, you were lying to me?" (*Id.* at 5.) Instead of answering the Court's

9

question, Tucker stated: "Well, I was following what my lawyer said." (*Id.* at 6.) The Court then asked Tucker if he was actually innocent, and Tucker stated that he was. (*Id.* at 8.) The Court reminded Tucker that if he withdrew his guilty plea, any statement he made under oath was admissible, and the jury would hear both that Tucker previously admitted his guilt and that the facts provided by the Government were true. (Jan. 20, 2010 Tr. at 8.) The Court then found "no credible evidence that the plea in the case was involuntary," and "[w]hile he asserts his actual innocence . . . I think the evidence is overwhelming that he is guilty. The firearm was seized at the scene. He admitted to the seizing officer that it was his weapon and that he is convicted felon." (*Id.* at 10–11.) The Court explained that "[w]hether Mr. Tucker likes what he heard from his attorney, his attorney has done a very, very conscientious and capable job in this case, commendably so, and I don't think there's anything objectively unreasonable about his representation." (*Id.* at 11.) The Court nevertheless allowed March to withdraw as counsel and ordered new counsel appointed.

With assistance of his new counsel, Grady, Tucker filed a Motion to Reconsider Denial of Motion to Withdraw Plea. During the hearing, the Court noted that it had previously "heard a motion to withdraw the guilty plea, made rather detailed factual findings, and denied the motion," but would "put [the motion] back on the docket to hear any new evidence or new grounds." (Feb. 26, 2010 Mot. to Recons. Hr'g Tr. at 2.) Tucker again claimed that he was actually innocent, and Grady explained his innocence argument "has really nothing to do with the charge," but was related to "the grounds for the motion to suppress or Your Honor's notice for an upward departure." (*Id.* at 3.)

10

Grady explained that Tucker filed a bar complaint against March prior to the filing of the suppression motion and the entry of his guilty plea. (*Id.* at 5.) After hearing Tucker's complaints about counsel not litigating the suppression motion in the manner he desired, the Court reminded Tucker that "[he was] a convicted felon, the police [obtained a] valid search warrant on [his] house, f[ou]nd a gun, and [he] admit[ted to the police that] the gun [was his] . . . . The facts are pretty strong." (*Id.* at 8.) The Court also explained that Tucker once again admitted his guilt under oath during his guilty plea, and confessed to the crime a third time to his probation officer. (*Id.*) Failing to find any credible evidence of actual innocence, the Court denied Tucker's Motion. (March 8, 2010 Order at 1.)

Tucker's statements under oath establish the validity of his guilty plea. Tucker fails to allege any extraordinary circumstances, and his allegations regarding his attorney's performance during plea bargaining directly contradict his sworn statements from the record. Moreover, the Court has reviewed Tucker's ongoing and persistent complaints and finds that the record conclusively demonstrates that Tucker entered his guilty plea freely and voluntarily. Tucker fails to demonstrate any deficiency of counsel or resulting prejudice. Accordingly, Claim 1(b) will be dismissed.

C. **Waiving Appellate Rights for the Suppression Motion (Claim 1(c))**

In Claim 1(c), Tucker alleges that counsel provided ineffective assistance by "waiv[ing Tucker's] right to challenge [the] suppression hearing under [Federal Rule of Criminal Procedure] 12(b)(3)." (§ 2255 Mot. at 3.) In a rambling and incoherent argument, Tucker states that "counsel's failure to object at suppression hearing waived the Defendant's right to appeal." (*Id.* at 7–8.) Tucker fails to demonstrate why he

believes counsel waived his right to appeal the denial of the suppression hearing. Instead, contrary to Tucker's suggestion, Tucker himself waived the right to challenge the denial of the suppression motion when he pled guilty. For this reason alone, Claim 1(c) will be dismissed.

To the extent Tucker faults counsel for allowing him to waive his right to appeal the denial of his suppression motion, this claim lacks merit. "It is well-established that a voluntary and intelligent guilty plea forecloses federal collateral review of allegations of antecedent constitutional deprivations." *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1294 (4th Cir. 1992) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)). "The right to challenge on appeal a Fourth Amendment issue raised in a motion to suppress is a nonjurisdictional defense and thus is forfeited by an unconditional guilty plea." *United States v. Locklear*, 514 F. App'x. 315, 317 (4th Cir. 2013) (citing *Haring v. Prosise*, 462 U.S. 306, 320 (1983)), *cert. denied*, 133 S. Ct. 2756 (2013). "'[D]irect review of an adverse ruling on a pretrial motion is available only if the defendant expressly preserves that right by entering a conditional guilty plea.'" *United States v. Locklear*, 581 F. App'x. 217, 218 (4th Cir. 2014) (quoting *United States v. Abramski*, 706 F.3d 307, 314 (4th Cir. 2013), *aff'd*, 134 S. Ct. 2259 (2014)). Because Tucker entered an unconditional guilty plea both voluntarily and intelligently, he waived his right to appeal the denial of his motion to suppress.[6]

---

[6] Tucker seemingly concedes that "[t]he entry of guilty plea constituted a waiver of any potential motion to suppress." (§ 2255 Mot. at 7.)

Tucker alleges no facts to suggest that counsel failed to advise him that by pleading guilty he would waive the right to appeal the denial of the suppression motion or that he was actually unaware that his guilty plea would waive his right to challenge the denial of the suppression motion. To the contrary, the record establishes that Tucker was fully aware that his guilty plea waived this right. During the Rule 11 colloquy, the Court instructed Tucker, "once I accept your plea of guilty today, remember, there will be no trial. That plea of guilty is final, and can't be appealed, do you understand that?" (Oct. 30, 2009 Plea Hr'g Tr. at 12.) Tucker replied, "Yes, sir." (*Id.*)

Tucker also proffers no evidence suggesting that the Government offered (or would have offered), or that the Court would have accepted, a conditional plea that preserved Tucker's right to appeal the denial of his Motion to Suppress. *Cf. Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012) (citations omitted) ("[A] defendant has no right to be offered a plea, nor a federal right that the judge accept it."); *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012) (observing a defendant cannot demonstrate prejudice with respect to a plea offer "[i]f no plea offer is made"). Tucker has failed to demonstrate deficiency or prejudice, thus Claim 1(c) will be dismissed.

### III. Claims 2 through 5

In Claim 2, Tucker alleges that the Court erred in denying Tucker's request to withdraw his guilty plea. (§ 2255 Mot. at 2.) The Fourth Circuit rejected this claim on direct review. *Tucker*, 424 F. App'x. at 245. Defendants are not "allowed to recast, under the guise of collateral attack, questions fully considered" by the court on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Tucker

13

fails to direct the Court to an intervening change in the law that would permit him to re-litigate these claims. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009); *see also Boeckenhaupt*, 537 F.2d at 1183. Tucker simply "may not circumvent a proper ruling on [his direct appeal claims] by re-raising the same challenge[s] in a § 2255 motion." *Linder*, 552 F.3d at 396 (citations omitted). Accordingly, the Fourth Circuit's ruling bars collateral review of Claim 2. Claim 2 will be dismissed.

In Claim 3, Tucker argues that the Court erred by failing to hold a hearing on Tucker's competency. (§ 2255 Mot. at 2.) In Claim 4, Tucker states that law enforcement's search and seizure violated "Rule 41 of the Federal Rules of Criminal Procedure." (*Id.* at 2.) In Claim 5, Tucker alleges that the Court erred by failing to inform Tucker of a mandatory minimum sentence, and by erroneously stating that he faced a ten-year maximum. (*Id.* at 3.)

In addition to having no credible factual support, Tucker has procedurally defaulted Claims 3, 4, and 5. All three claims are barred from review here because Tucker could have raised, but failed to raise, each of these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). Tucker fails to show cause and prejudice to excuse his default or actual innocence. Accordingly, Claims 3, 4, and 5 will be dismissed.

### IV. Petitioner's Reply

On August 8, 2012, the Court received Tucker's "Petitioner's Reply to the Government's Response to Petitioner's [§ 2255] Petition" ("Petitioner's Reply," ECF No. 78). The Reply contains twelve grounds, labeled the "Restat[e]ment of Grounds,"

14

although the Court notes that all of Tucker's claims are new. The first portion of Tucker's claims address his initial counsel's, March's, performance. Tucker alleges that:

Ground 1      Counsel provided ineffective assistance by "failing to spend enough time reviewing the case with the defendant to formulate a positive defense." (*Id.* at 3.)

Ground 2      Counsel provided ineffective assistance by not telling Tucker about the consequences of a guilty plea.

Ground 3      Counsel provided ineffective assistance by "failing to seek a suppression hearing in regard to any pre- or post- *Miranda* statement . . . allegedly made by the defendant." (*Id.*)

Ground 4      Counsel provided ineffective assistance in failing to challenge federal jurisdiction over the case.

Ground 5      Counsel provided ineffective assistance by unduly influencing Tucker to accept a plea agreement.

Ground 6      Counsel provided ineffective assistance by "failing to seek a Bill of Particulars . . . and fail[ing] to seek a dismissal for lack of jurisdiction." (*Id.* at 4.)

Two claims address the performance of Tucker's later-appointed counsel, Carolyn Grady:

Ground 7      Counsel provided ineffective assistance for "failing to assist the defendant in the rehearing for the suppression of evidence . . . ." (*Id* at 3.)

Ground 8      Counsel provided ineffective assistance for "failing to seek Supreme Court review on all of the defendant's claims." (*Id.*)

The remainder of Tucker's new claims alleges that:

Ground 9      Both counsel (March and Grady) provided ineffective assistance for "failing to request a psychological evaluation of the defendant." (*Id* at 4.)

Ground 10      Tucker "is factually innocent of the charge." (*Id.*)

15

    Ground 11    The Court abused its discretion when it failed to grant a continuance and remove March as counsel prior to the suppression hearing. (*Id.*)

    Ground 12    "The indictment fails to allege exactly *how* Mr. Tucker was in violation of § 922(g)(1) or how he was either *in* or *affected* state commerce." (*Id.*)

These claims will be dismissed for two reasons. First, Tucker did not seek leave to amend his § 2255 Motion to include additional claims. For that reason alone, the Court need not address these new claims. *See Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 446 (E.D. Va. 2011) (citation omitted) (explaining "[t]ypically, courts will not consider an argument raised for the first time in a reply brief" as the "opposing party is prejudiced in its ability to respond to the argument"); *Snyder v. United States*, 263 F. App'x. 778, 779–80 (11th Cir. 2008) (affirming the district court's decision not to specifically address a new claim advanced for the first time in a § 2255 reply brief).

Second, Tucker filed his Reply outside the one-year limitations period under Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[7] 28 U.S.C. § 2255(f). Tucker fails to demonstrate entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)–(4), or entitlement to equitable tolling, *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v.*

---

[7] Tucker's conviction became final on Thursday, July 21, 2011, the last day upon which he could file a petition for a writ of certiorari with the Supreme Court. *See* 28 U.S.C. § 2255(f)(1). Tucker then had one year, or until Monday, July 23, 2012, to file a motion pursuant to 28 U.S.C. § 2255. *Id.* On March 29, 2012, Tucker filed his § 2255 Motion within the statute of limitations. (§ 2255 Mot. 12.) Tucker filed his Reply on August 3, 2012 beyond the limitation period. (Pet'r's Reply at 18.)

*Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). Accordingly, the Court can consider Tucker's new claims only if they relate back to the claims in his original § 2255 Motion.

Courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. *Pittman*, 209 F.3d at 317. Rule 15 allows for amendments to the § 2255 motion filed after the one-year statute of limitations, provided the amendment relates back to the original timely filed motion. A claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). An amended claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In this regard, it is not sufficient that the new claim simply "has the same form as the original claims," if the new claim "arises out of wholly different conduct." *Pittman*, 209 F.3d at 318. Thus, "a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000); *see also United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999)).

In his original § 2255 Motion, Tucker failed to raise any claim of ineffective assistance of counsel related to Grounds 1 through 4. Tucker raised no claim alleging that counsel failed to spend enough time reviewing the case with Tucker (Ground 1),

17

failed to explain the consequences of entering a guilty plea (Ground 2), failed to move to suppress Tucker's statements to police (Ground 3), and failed to argue that no lawful federal jurisdiction existed (Ground 4). Thus, those "Grounds" fail to relate back because they "arise from separate occurrences of 'both time and type.'" *Pittman*, 209 F.3d at 318 (quoting *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)); *United States v. Hernandez*, 436 F.3d 851, 857–58 (6th Cir. 2006). Tucker also failed to raise any claims regarding Carolyn Grady's representation in his § 2255 Motion. Therefore, Grounds 6 and 7 fail to relate back. Tucker similarly neglected to raise any claim challenging both of his counsel's failure to request a psychological evaluation (Ground 8), asserting his factual innocence (Ground 9), alleging the Court abused its discretion in denying Tucker a continuance (Ground 10), or challenging the sufficiency of the indictment (Grounds 11 and 12). Therefore, Grounds 8 through 12 also fail to relate back.[8]

Only Ground 5 could potentially relate back to Tucker's § 2255 Motion. In Claim 1(b) of his § 2255 Motion, Tucker argued that counsel unduly influenced, or "forced," him to accept the Plea Agreement, similar to his allegations in Ground 5. (§ 2255 Mot. at 5; Pet'r's Reply at 3.) Even though Ground 5 may relate back, Tucker alleges no new facts in his Reply that would alter the Court's prior conclusion that Claim 1(b) lacks merit.

---

[8] On April 4, 2013, Tucker filed an "Amended and Supplemental Pleading Under Rule 15 and Rule 7 of the F.R.Cv.P [sic]." ("Supplemental Pleading," ECF No. 79.) Tucker argues that the Court abused its discretion in "deny[ing] the petitioner replacement counsel," and in refusing to grant him a continuance. (*Id.* at 1, 3.) Tucker seeks leave to amend on the grounds that this argument relates back to Ground 10 from Petitioner's Reply. Tucker's supplemental argument supporting Ground 10 is also barred by the statute of limitations.

Because Tucker did not seek leave to amend his §2255 Motion, and his additional claims either fail to relate back to, or provide no additional information to support his original claims, all the new grounds for relief in Tucker's Reply Brief will be dismissed.

## V. Conclusion

Tucker's § 2255 Motion (ECF No. 74) will be denied. The action will be dismissed. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Tucker has not satisfied this standard. A certificate of appealability will be denied.

An appropriate Final Order will follow.

/s/
Henry E. Hudson
United States District Judge

Date: April 13, 2015
Richmond, Virginia